# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION NO. 3:25-00279** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **BORIS BRAGGS** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## MEMORANDUM ORDER
**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

Pending before the undersigned, on reference from the District Court, is a Motion to Withdraw [doc. # 29] filed by Defendant Boris Braggs' counsel, Michael DuBos, Adam Karamanis, and Benjamin DuBos. Counsel indicate that they filed the motion on behalf of Braggs because they have "reached an impasse," and they and Braggs "agree" that it is in Braggs' best interest to retain other counsel. *Id.*

It is within the Court's discretion to allow retained counsel to withdraw from representation in a criminal case. However, the Court must find that "good cause" exists for the withdrawal. *See United States v. Wild,* 92 F.3d 304, 307 (5th Cir. 1996) ("When filing a motion to withdraw, an attorney should provide a detailed explanation of the reasons why he believes that "good cause" exists for him to withdraw as counsel.") (citing *United States v. Hall*, 35 F.3d 310, 316 (7th Cir. 1994); *see also In re Wynn,* 889 F.2d 644, 646 (5th Cir.1989) ("An attorney may withdraw from representation only upon leave of the court and a showing of good cause and reasonable notice to the client.").

In this case, Braggs retained the law firm of Breithaupt, DuBos & Wollseson, LLC, and specifically named counsel above. In their motion, counsel note their "impasse," but do not provide detailed reasons for the withdrawal.[1] They then indicate that Braggs is aware that the motion is being filed, that he has been provided with a copy of the scheduling order, and advised of all relevant dates and deadlines, including the current trial date of March 16, 2026. They further note that his present address is Ouachita Correctional Center.

At the present time, no other counsel has been retained, Braggs has not indicated that he wishes to represent himself, and he has not requested CJA counsel. Further, with the fast-approaching trial date, the Court has serious concerns about another attorney's ability to become fully familiar with the charges against Braggs and prepare a defense. Accordingly, prior to allowing counsel to withdraw, a hearing will be held in this matter.

IT IS ORDERED that a hearing on the Motion to Withdraw is set for January 2, 2026, at 2:00 p.m. If counsel are not available that date, they should contact my courtroom deputy to re-set the hearing. Alternatively, if Braggs has since retained new counsel or wishes to request for appointment of counsel, the appropriate motion may be filed prior to the hearing.

THUS DONE in Chambers on this 28th day of December, 2025.

Kayla D. McClusky
United States Magistrate Judge

---

[1] Of course, the Court is well aware that this may be because counsel seeks to prevent disclosure of attorney-client privileged information. Nonetheless, the Court has its own duty to exercise due diligence in these circumstances.